BROWN WHITE & NEWHOUSE LLP
KENNETH P. WHITE (Bar No. 173993)
kwhite@brownwhitelaw.com
333 South Hope Street, 40th Floor
Los Angeles, California 90071-1406
Telephone: 213. 613.0500
Facsimile:   213.613.0550

Attorneys for Plaintiff
ST. MEER INTERNATIONAL INDUSTRY
AND TRADE CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. MEER INTERNATIONAL INDUSTRY AND TRADE CO., LTD, <br><br> Plaintiff, <br><br> v. <br><br> QUEST BUSINESS SYSTEMS, INC., THOMPSON A. ELLIOTT, JR., and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.:CV13-4985-MEJ <br><br> **JOINT CASE MANAGEMENT STATEMENT OF PLAINTIFF ST. MEER INTERNATIONAL INDUSTRY AND TRADE CO. LTD AND DEFENDANT THOMPSON A. ELLIOTT, JR., AND JOINT RULE 26(f) REPORT** <br><br> CMC:  March 13, 2014 |

Plaintiff St. Meer International Industry and Trade Co. ("Plaintiff") and Defendant Thompson A. Elliott, Jr. ("Mr. Elliott") (collectively "the Parties") hereby submit the following Joint Case Management Statement and Joint Rule 26(f) Report.

## I.   JURISDICTION AND SERVICE

Plaintiff contends that this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332 as Plaintiff is a Chinese company, the identified defendants are residents of California, and upon information and belief the Doe defendants are residents of other countries.

1

JOINT CASE MANAGEMENT STATEMENT

1015583.1

Defendants Mr. Elliott and Quest Business Systems, Inc. ("Quest") have been served. Mr. Elliott states he cannot afford an attorney for himself or Quest, and Quest has not appeared. Mr. Elliott is in the process of filing a pro se answer and, in the interests of cooperation and resolution on the merits, Plaintiff has refrained from taking a default. As is discussed below, Plaintiff is attempting through discovery to uncover the identity of the Doe defendants.

Plaintiff proposes a deadline for service on the Doe defendants of 6 months from now, after efforts are made to identify them as discussed below.

## II.  FACTS

Plaintiff's Contentions

Plaintiff contends the following: Plaintiff is a company dealing in cotton. In July 2013 Plaintiff entered into a contract with a Tanzanian company called "Fresho" to buy a substantial amount of cotton at a price of $751,498. During this time, Plaintiff negotiated with Fresho through the email address "ginnery@freshotz.com." After entering into the contract, Plaintiff awaited instructions from Fresho as to where to send the purchase price to buy the cotton.

In August 2013 Doe defendants opened a web site called "freshotzs.com" and an email address ginnery@freshotzs.com. The web site and email address were almost identical to the legitimate Fresho address, save for the "s" at the end, and were calculated to deceive Plaintiff. They used the email address to write to Plaintiff posing as the legitimate representatives of Fresho. Using that ruse, they directed Plaintiff to wire the $751,498 purchase price for the cotton to an account in the United States belonging to a Defendant Quest Business Systems. They sent convincing false documents and invoices supporting this request, skillfully posing as Fresho.

Plaintiff reasonably accepted the communications and false documents and sent the money to the Quest Business Systems account as instructed, expecting that they would receive their cotton in return. Only afterwards did they discover that the criminals had posed as Fresho executives and that Fresho had not received their

money and would not be providing the cotton. Mr. Elliott had forwarded Plaintiff's funds to accounts in other countries at the instruction of the Doe defendants. Plaintiff has therefore lost the $751,498 and contends that Mr. Elliott, Quest Business Systems, and the Doe defendants are jointly and severally liable.

<u>Mr. Elliott's Contentions</u>

Mr. Elliott asserts that he entered into a business agreement with the Doe defendants in good faith, believing they were investors, and that he did not realize that the wire transactions were fraudulent or that they represented the theft of Plaintiff's funds. He asserts that he did not commit any legal wrong.

### III.   LEGAL ISSUES

Plaintiff anticipates that one of the primary legal issues in the case will be the methods by which Plaintiff may seek to identify the Doe defendants responsible for the fraud. After some additional discovery, Plaintiff may move for Letters Rogatory or for a request under an appropriate Mutual Legal Assistance Treaty to a foreign nation in an attempt to identify the Doe defendants.

### IV.   MOTIONS

Plaintiff anticipates filing motions asking the Court to issue Letters Rogatory or requests under appropriate Mutual Legal Assistance Treaties to foreign nations as part of an effort to identify the Doe defendants.

### V.   AMENDMENT OF THE PLEADINGS

Plaintiff anticipates moving to amend the Complaint upon determining the identity of the Doe defendants.

### VI.   EVIDENCE PRESERVATION

Plaintiff and Mr. Elliott will abide by the Guidelines Relating to the Discovery of Electronically Stored Information, have met and conferred pursuant to Rule 26(f) regarding preserving physical and electronic evidence.

### VII.  DISCLOSURES

Plaintiff and Mr. Elliott have agreed to make the reciprocal disclosures required

JOINT CASE MANAGEMENT STATEMENT

1015583.1

by Rule 26(a)(1) before the Case Management Conference on March 13, 2014. Those disclosures will include the emails and related documents in the possession of each party and identification of the witnesses known to each party.

### VIII. DISCOVERY

Plaintiff and Mr. Elliott have already taken the following steps:

1. Mr. Elliott has voluntarily disclosed his email correspondence with the Doe Defendants and a spreadsheet showing transactions with Plaintiff's funds.
2. The key documents forming Plaintiff's case are already attached as exhibits to the Complaint.
3. After discussion with Mr. Elliott and review of the documents he provided, Plaintiff has subpoenaed multiple Internet Service Providers related to the web sites and email addresses used by the Doe defendants in the fraud. Some of those subpoenas remain outstanding, and Plaintiff is in the process of issuing additional subpoenas to additional Internet Service Providers revealed in the responses to the initial subpoenas. In other words, the Doe Defendants used certain addresses to commit the fraud and to communicate with Mr. Elliott and with Plaintiff; Plaintiff has subpoenaed information that has revealed that the Doe Defendants used yet other email addresses to create those email addresses, and is following up on the second string of email addresses. In addition, before the Case Management Conference, Plaintiff will have issued subpoenas to Quest Business Systems' banks seeking records showing the receipt and subsequent transmission of Plaintiffs' funds to foreign countries.

Plaintiff will eventually seek to depose Mr. Elliott and to serve him with requests for production of documents and interrogatories. Mr. Elliott reserves the right to use all discovery methods available to him.

However, Plaintiff and Mr. Elliott respectfully ask the Court to stay discovery as between them for 120 days, and revisit the discovery plan at that time. During that

JOINT CASE MANAGEMENT STATEMENT
1015583.1

time, Plaintiff will take the following steps to obtain discovery from other sources:

1. Plaintiff will continue to pursue its subpoenas to Internet Service Providers in an effort to identify the Doe Defendants so that they may be named and Plaintiff may present the Court with a plan for serving them.  Plaintiff will also pursue subpoenas to Quest Business Systems banks to develop the exact identity of the accounts receiving wires of Plaintiffs' funds.

2. Plaintiff will pursue discussions with criminal investigators in China and Tanzania in an effort to identify the Doe Defendants, and will produce any information obtained to Mr. Elliott, and use the information to prepare to move forward in this case.

3. Plaintiff will evaluate the information it receives and determine whether to make a motion to this Court for issuance of Letters Rogatory or requests under a Mutual Legal Assistance Treaty to identify Doe Defendants.

Mr. Elliott currently lacks funds to hire an attorney for himself or for Quest Business Systems.  Moreover, Mr. Elliott seeks to convince Plaintiff that he was not a knowing participant in the Doe Defendants' fraud, and to convince Plaintiff to enter into a settlement reflecting that assertion.  Without accepting Mr. Elliott's representation, Plaintiff agrees to the stay of discovery to (1) give Mr. Elliott more time to see if he can secure legal assistance, (2) pursue the identity of the Doe Defendants who are the primary wrongdoers, and (3) prevent undue and possibly unnecessary consumption of resources by any party.

Once Plaintiff has completed the discovery discussed above, and has determined whether it will move this Court to issue Letters Rogatory or a request under a Mutual Legal Assistance Treaty, Plaintiff respectfully requests leave to submit a full discovery plan as to the Doe Defendants.

### IX.  CLASS ACTIONS

This is not a class action.

### X. RELATED CASES

Plaintiff and Mr. Elliott are unaware of any related cases.

### XI. RELIEF SOUGHT

Plaintiff seeks its stolen $751,498 plus costs and punitive damages. Mr. Elliott seeks a defense verdict in his favor.

### XII. SETTLEMENT AND ADR

Mr. Elliott is still evaluating the settlement options available to him. Plaintiff believes that formal settlement methods are premature until Plaintiff has used the processes discussed above to identify the Doe Defendants. However, Plaintiff anticipates consenting to Early Neutral Evaluation. Moreover, Plaintiff and Mr. Elliott have informally cooperated and discussed potential resolution as between them.

### XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiff and Mr. Elliott consent to a Magistrate Judge for all purposes.

### XIV. OTHER REFERENCES

The parties do not believe that reference to binding arbitration or for other purposes is appropriate.

### XV. NARROWING OF ISSUES

Plaintiff and Mr. Elliott believe that, to the extent they cannot settle the dispute as between them, they can substantially narrow the issues in dispute to one: whether Mr. Elliott participated in the Doe Defendants' fraud or made false or negligent representations. It is premature to determine whether Plaintiff will be able to narrow issues with any Doe Defendants subsequently identified.

### XVI. EXPEDITED TRIAL PROCEDURE

Prior to identifying the Doe Defendants it is premature to determine whether expedited trial procedures may be appropriate.

### XVII. SCHEDULING

As is set forth above, Plaintiff and Mr. Elliott respectfully request that the Court stay the matter for 120 days while Plaintiff pursues subpoenas and extra-judicial methods to develop leads on the identity of the Doe Defendants and determines whether to apply to the Court for Letters Rogatory or requests under appropriate Mutual Legal Assistance Treaties. Prior to identification of the Doe Defendants scheduling would be premature.

### XVIII. TRIAL

Plaintiff and Mr. Elliott request a jury trial, in the event the matter goes to trial. Before identification of the Doe defendants a time estimate is difficult, but Plaintiff estimates 4 court days.

### XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff has filed the requisite Certification of Interested Entities or Persons. Mr. Elliott is seeking advice and assistance in doing so.

### XX. RULE 26(f) ISSUES

Counsel for Plaintiff and Mr. Elliott met and conferred telephonically within the deadline set by the court on the subjects required by Rule 26 and the applicable local rules, and as is set forth in this report, discussed possible resolutions and agreements regarding discovery and case management. As is discussed above, Plaintiff and Mr. Elliott request a 120 day stay of this matter while Plaintiff attempts to identify the Doe Defendants. Plaintiff and Mr. Elliott respectfully request that the Court stay submission of a discovery plan until that time.

In the event the Court declines this request, Plaintiff and Mr. Elliott report the following pursuant to Rule 26(f)(3):

    a. Plaintiff and Mr. Elliott will made Rule 26 disclosures to each other before the Case Management Conference.

    b. The parties will require discovery on all communications with the Doe

Defendants, all bank transactions involving Plaintiff's funds, and the identity of the Doe Defendants. In the event the Court denies the stay requested above the parties will seek to complete that discovery within 9 months, given the difficulty in identifying the Doe Defendants.

   c. The parties do not anticipate any difficulties with respect to production of electronic documents.

   d. The parties do not anticipate any difficulties with respect to privilege claims.

   e. The parties anticipate relatively limited discovery as between Plaintiff and Mr. Elliott, comprising written discovery requests and limited depositions (one of Mr. Elliott and one of Plaintiff's designated qualified person). No changes need be made with respect to them to the limits on discovery.

   f. As is set forth above, Plainitff and Mr. Elliott respectfully request a 120-day stay that may promote identification of the Doe Defendants.

DATED: March 6, 2014                     BROWN WHITE & NEWHOUSE LLP

By    *s/ Kenneth P. White*
      KENNETH P. WHITE
      Attorney for Plaintiff
      ST. MEER INTERNATIONAL
      INDUSTRY AND TRADE CO., LTD.

DATED: March __, 2014

[STAMP: GRANTED — Judge Maria-Elena James — United States District Court, Northern District of California]

By _____
      THOMPSON A. ELLIOT, JR.
      Defendant, in Pro Per

It is hereby ORDERED that the stipulated request to extend case management and ADR deadlines is GRANTED. The Case Management Conference is continued to August 14, 2014. The last day to meet and confer re: Initial Disclosures, Early Settlement, ADR Process Selection, And Discovery Plan, File ADR Certification, File Either Stipulation to ADR Process or Notice of Need for ADR Phone Conference is July 14, 2014. The last day to file Rule 26(f) Report, complete Initial Disclosures or state objection in Rule 26(f) Report, and file the Case Management Statement is August 7, 2014.  Dated: March 6, 2014

OINT CASE MANAGEMENT STATEMENT

1015583.1

Defendants, all bank transactions involving Plaintiff's funds, and the identity of the Doe Defendants. In the event the Court denies the stay requested above the parties will seek to complete that discovery within 9 months, given the difficulty in identifying the Doe Defendants.

c. The parties do not anticipate any difficulties with respect to production of electronic documents.

d. The parties do not anticipate any difficulties with respect to privilege claims.

e. The parties anticipate relatively limited discovery as between Plaintiff and Mr. Elliott, comprising written discovery requests and limited depositions (one of Mr. Elliott and one of Plaintiff's designated qualified person). No changes need be made with respect to them to the limits on discovery.

f. As is set forth above, Plainitff and Mr. Elliott respectfully request a 120-day stay that may promote identification of the Doe Defendants.

DATED: March 5, 2014           BROWN WHITE & NEWHOUSE LLP

By _____
KENNETH P. WHITE
Attorney for Plaintiff
ST. MEER INTERNATIONAL
INDUSTRY AND TRADE CO., LTD.

DATED: March 5, 2014

By _____
THOMPSON A. ELLIOT, JR.
Defendant, in Pro Per

JOINT CASE MANAGEMENT STATEMENT      8

992393.1

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 333 South Hope Street, 40th Floor, Los Angeles, California 90071.

On March 6, 2014, I served the following document(s) described as:  **JOINT CASE MANAGEMENT STATEMENT OF PLAINTIFF ST. MEER INTERNATIONAL INDUSTRY AND TRADE CO. LTD AND DEFENDANT THOMPSON A. ELLIOTT, JR., AND JOINT RULE 26(f) REPORT** in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

**Mr. Thompson A. Elliott, Jr.**
Quest Business Systems, Inc.
P.O. Box 715
Brentwood, CA 94513
help@questbizsystems.com
sales@questbizsystems.com

☒ **BY MAIL:** I deposited such envelope in the mail at 333 South Hope Street, 40th Floor, Los Angeles, California 90071.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE:**  I served said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court.  The telephone number of the sending facsimile machine was 213/613-0550.  The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list.

☐ **BY ELECTRONIC MAIL:** On the above-mentioned date, from Los Angeles, California, I caused each such document to be transmitted electronically to the party(ies) at the e-mail address(es) indicated below.  To the best of my knowledge, the transmission was reported as complete, and no error was reported that the electronic transmission was not completed.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on March 6, 2014, at Los Angeles, California.

s/ Liz Treckler<br>Liz Treckler